## POLTIS, et. v. SWITLINSKI.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8639.  Decided May 28, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

Middleton, PJ., and Mauck, J., of the 4th Dist., sitting.

**TRIAL.**

(590 Jh)  A trial court may impose conditions on which it will reopen its judgments, such as payment of adverse party's attorney fee incurred.

Error to Common Pleas.
Judgment affirmed.

McCarron & Rosenbaum, Cleveland, for Poltis, et.

T. J. Herbert, Cleveland, for Switlinski.

STATEMENT OF FACTS.

On October 14, 1926, Switlinski filed his petition against George and Mary Poltis, for the recovery of money.  Service was had the next day by summons left at the residence. Answer day was November 13.  Defendants made no answer.  On February 3, 1927, the case was assigned for hearing.  On February 26th it was heard on testimony and judgment entered for the plaintiff, in the sum of $527.80. An execution was issued on this judgment March 15th.

The defendants on April 1st filed a motion to vacate this judgment.  No excuse was offered for the default but the motion to vacate alleged that good defenses to plaintiff's claim, existed.  On April 27th the motion was granted

"in that the judgment is suspended pending trial of cause on the issues joined and the defendants are given leave to file answer on or before April 30, 1927, on condition that the defendants pay all excess costs and the sum of $50.20 attorney fees to attorney for plaintiff on or before April 30, 1927, otherwise motion is overruled."

On April 30th the defendants filed an answer sufficient in law but failed to comply with the conditions mentioned.  Following this, the plaintiff moved to strike the answer from the files and to overrule the motion to vacate.  This motion was sustained and to this order error is prosecuted to this court.

MAUCK, J.

It is unnecessary to cite authorities establishing the nature and extent of the power of a court over its judgments during term time, further than to refer to First Nat'l Bank v. Smith, 102 O.S. 121, where it is held that such power is limited only by the sound discretion of the court.  It is not a statutory but a common law power and the rule in Ohio does not differ from that generally prevailing.

That a court may attach reasonable conditions is the almost universal rule.  Among other conditions so imposed may be the refunding of both costs and expenses.  15 R. C. L. 722.

In the note to State v. District Court, Ann. Cases 1912 B. p. 249, are collected the authorities holding that when an order opening up a default is made on condition that the costs be paid, such payment may be a condition precedent to a new trial.

In this case we have no means of knowing what lead the trial court to fix the particular conditions imposed.  It is significant that the defendants' motion failed to recite any reason for the default and the court may have found the defendants' conduct to have been willful. It was bound to find that extra costs had been made and may have found that extra expenses such as attorney fees, had been incurred.  There is no bill of exceptions here, and we indulge every presumption favorable to the action of the trial court.  We thus consider the power of the court only, and not the propriety of its exercise.

Resnick v. Paryzik, 154 N E 350 goes to the sufficiency of the defense offered in that case rather than to the authority of the court. It does not touch the power of the court in the exercise of a reasonable discretion to impose conditions upon which the judgment will be opened.

(Middleton, PJ., concurs.)